## UNITED STATES DISTRICT COURT

## DISTRICT OF MAINE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| | ) | |
| | ) | |
| v. | ) | CRIMINAL NO. 2:16-CR-12-DBH |
| | ) | |
| NAQUAN ELEY, | ) | |
| | ) | |
| DEFENDANT | ) | |

## ORDER ON DEFENDANT'S MOTION TO DISMISS

The federal grand jury sitting in Portland, Maine, indicted this defendant for conspiring to distribute and possess with intent to distribute cocaine base and heroin in violation of 21 U.S.C. §§ 841(a)(1) & 846.[1]  Indictment (ECF No. 3). His former lawyer filed on the defendant's behalf a pro se motion to dismiss the indictment (ECF No. 55).  Ordinarily I would not entertain a defendant's pro se motion while he was represented by a lawyer.  A defendant has a Sixth Amendment right to a lawyer, or to proceed on his own behalf (pro se), Faretta v. California, 422 U.S. 806, 835 (1975), but not both simultaneously.  United States v. Betancourt-Arretuche, 933 F.2d 89, 94–95 (1st Cir. 1991) (characterizing "hybrid representation"—*i.e.*, proceeding both pro se and with a lawyer—as an option within the sound discretion of the trial court, but not a right).  In this case, however, the defendant's lawyer filed the pro se motion at a

---

[1] There is also a criminal forfeiture request for weapons and money connected with the drug conspiracy.  Indictment at 2 (ECF No. 3).

time when the defendant was seeking court appointment of a new lawyer (ECF No. 58), and the previous lawyer was seeking to withdraw because of a breakdown in communications between lawyer and client (ECF No. 56).  The defendant now has a new lawyer, but the motion to dismiss has not been withdrawn, and I will therefore to proceed to rule on it.  The motion is **DENIED**, along with the government's motion for an extension of time to respond to it.

The defendant correctly recognizes that the Portland grand jury is drawn from the Counties of Androscoggin, Cumberland, Knox, Lincoln, Oxford, Sagadahoc, and York. Plan for the Random Selection of Grand and Petit Jurors for Service in the District of Maine at 3 (Nov. 2, 2016).[2]  He asserts that the government must "produce the title(s) and deed(s) listing the United States as the owner of all of the counties in Maine used to create the qualified wheel which ultimately produced the grand jury which indicted Mr. Eley."  Def.'s Mot. at 2 (ECF No. 55).  He says that the government must also "produce the document signed by the Governor of Maine ceding those same Maine counties, whether exclusive, concurrent, or partial over to the United States prior to the date of the indictment."  Id.

Although the defendant tries to frame his argument in the conventional language that "the grand jury was not selected from a fair cross section of the

---

[2] "[I]n judicial districts where there are no statutory divisions," the fair cross section requirement of 28 U.S.C. § 1861 applies to "such counties . . . surrounding the places where court is held as the district court plan shall determine."  28 U.S.C. § 1869(e).  By statute, Maine constitutes one judicial district with court held at Bangor and Portland and has no statutory divisions.  28 U.S.C. § 99.

2

community," id. at 1, his argument is actually much different: he is challenging

jurisdiction.[3]  He says:

> The defendant is now challenging the jurisdiction of the
> judicial district used to select the jurors who issued Mr.
> Eley's indictment. . . . The requested documents listing the
> United States as land owners of all aforementioned counties
> in Maine is necessary to prove that the grand jury was
> selected from a fair cross section of the community within
> the Judicial District.

Id. at 3.[4]

> If it is determined that the United States did not have
> jurisdiction of every county in Maine used to create the
> Qualifying Wheel which produced the grand jury which
> indicted Mr. Eley, the defendant respectfully requests that
> the court dismiss the indictment against him . . . .

Id. at 5.

In support of his argument challenging jurisdiction, the defendant cites 40

U.S.C. § 3112(b); Title 1, section 8 of the Maine Revised Statutes; and two

Supreme Court decisions, Adams v. United States, 319 U.S. 312 (1943), and

Mayor of New Orleans v. United States, 35 U.S. (10 Pet.) 662 (1836).

The defendant is simply and unmistakably wrong.  There is no

requirement that the federal government be the landowner of all the Maine

counties from which the grand jury was drawn.

---

[3] The defendant elsewhere states: "In order to establish a prima facie case using the Duren v. Missouri, 439 U.S. 357, test as required when requesting that the court dismiss an indictment for failure to follow the procedures set out by law, the defendant first needs to verify that the judicial district was ascertained by law before his indictment was produced."  Def.'s Mot. at 4 (ECF No. 55).  Thus, the defendant seems to refer to "a prima facie violation of the fair-cross-section requirement," Duren, 439 U.S. at 364, but then, without any further elaboration, proceeds to contest jurisdiction.  He makes no assertion that, in Duren's terms, any distinctive group has been systematically excluded from the jury pool.

[4] I do not understand the defendant's next sentence: "In order to verify that each juror resided within the judicial district for at least one year, the defendant has to verify that the judicial district has been ascertained by law pursuant to the 6th Amendment, the JSSA [Jury Selection and Service Act], and the Maine Jury Plan."  Def.'s Mot. at 3 (ECF No. 55).

3

The federal statute to which the defendant refers, 40 U.S.C. § 3112, is concerned with the acceptance of federal jurisdiction over land the federal government has acquired.  The drug conspiracy charge against this defendant has nothing to do with federal land.

The Maine statute to which he refers, Title 1, section 8 of the Maine Revised Statutes, is concerned with federal jurisdiction over land acquired by the federal government under Article 1, section 8, clause 17, of the United States Constitution.  That federal constitutional provision deals with acquisition of and jurisdiction over any places purchased from States "for the Erection of Forts, Magazines, Arsenals, dock-Yards, and other needful Buildings."[5]  U.S. Const. art. 1, § 8, cl. 17; see State v. Larson, 577 A.2d 767, 771–72 (Me. 1990); Brooks Hardware Co. v. Greer, 111 Me. 78 (1913).  The drug conspiracy charge against this defendant has nothing to do with any such place purchased from the State of Maine.

Adams is a case where the defendants were charged with rape within a federal government military camp in Louisiana under then-existing statutory provisions (formerly codified at 18 U.S.C. §§ 451 & 457) requiring that the rape occur "within the special maritime and territorial jurisdiction of the United States."  Adams, 319 U.S. at 312–13.  At the time of the rape, the United States had not yet accepted jurisdiction of the military camp in question, and the Supreme Court held therefore that a federal court had no authority to try and sentence the defendants on a charge that required that the crime be committed

---

[5] It also deals with acquisition of, and jurisdiction over, what would become the then-young nation's capital, the District of Columbia.  U.S. Const. art. 1, § 8, cl. 17.

within the special maritime and territorial jurisdiction.  Id. at 314–15.  The drug conspiracy charge against this defendant does not depend on its being committed on a federal installation.

Mayor of New Orleans is a case arising from the Louisiana Purchase.  The Supreme Court decided that neither the treaty with France nor Article 1, section 8, clause 17, of the U.S. Constitution gave the United States government any rights over certain New Orleans lands in question.  35 U.S. (10 Pet.) at 736–38. That holding has nothing to do with the drug conspiracy charge against this defendant.

The United States' authority to prosecute trafficking in controlled substances throughout the United States is clear.  See, e.g., Gonzales v. Raich, 545 U.S. 1, 15–18 (2005).  Its jurisdiction to do so derives from the interstate and foreign commerce clause.  21 U.S.C. § 801(3); U.S. Const. art. 1, § 8, cl. 3. For such jurisdiction, there is no requirement that the United States own the counties from which the grand jury is drawn.

The defendant's motion is therefore **DENIED**.  The defendant's argument is frivolous; it demonstrates why the defendant needs a lawyer to represent him. He should be focusing his attention and energies on arguments that will advance his case, not spurious contentions.  The government's motion for an extension of time to respond (ECF No. 69) is also **DENIED**.

I remind the defendant that as long as he has a lawyer, all communications to the court must come through his lawyer.  In the future, I will follow this District's standard practice, namely: "Typically, when a defendant is represented by counsel and files motions pro se, the Court sends each motion to defense

counsel to determine whether he or she will adopt the pro se motion." United States v. Stile, No. 1:11-cr-00185-JAW, 2014 WL 25474, at *1 (D. Me. Jan. 2, 2014).  If the motion is not adopted by the lawyer, the Court will not consider it.

SO ORDERED.

DATED THIS 9TH DAY OF MARCH, 2017

/S/D. BROCK HORNBY
**D. BROCK HORNBY**
**UNITED STATES DISTRICT JUDGE**

6